UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| VERONICA Y. GUDGER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 14-576 (RMC) |
| DISTRICT OF COLUMBIA, et al, | ) ) ) | |
| Defendants. | ) ) ) | |

**OPINION**

Veronica Gudger sues the District of Columbia and three officers of the Metropolitan Police Department (MPD), Michael Millsaps, Rudy Vick and Duncan Bedlion, for allegedly violating her Fourth Amendment rights to be free from unreasonable searches and seizures. Ms. Gudger alleges that the officers entered her apartment without consent, refused to leave, physically assaulted her when she refused to consent to a search, and arrested her without cause. For these alleged constitutional violations, Ms. Gudger brings this action under 42 U.S.C. § 1983. She also alleges several state law claims.

Officers Vick, Bedlion and Millsaps are sued only in their individual capacities. Officers Vick and Bedlion move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6), on the grounds that the Complaint fails to state a claim upon which relief can be granted.[1] *See* Mot. to Dismiss [Dkt. 5]. For the reasons that follow, the Court will grant the motion to dismiss.

---

[1] Officers Vick and Bedlion each filed a sworn affidavit in connection with their Reply, s*ee* Reply [Dkt. 10], and suggest that the Court could, in the alternative, resolve their motion as one

# I. BACKGROUND FACTS

The following facts are taken from Ms. Gudger's Complaint and are accepted as true. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Early on August 21, 2013, Ms. Gudger responded to loud banging at her front door and found MPD Officer Michael Millsaps and "several unknown police officers at her door." Compl. [Dkt. 1] ¶ 9. Officer Millsaps entered Ms. Gudger's apartment over her objection and demanded to search the apartment for a third party who did not live there. *Id*. ¶¶ 10-12. Ms. Gudger denied permission for a search and requested to see a warrant. *Id*. ¶ 13. Suddenly, Officer Millsaps "grab[bed] the Plaintiff by her arm, struck the Plaintiff in the face, and threw her onto a nearby mattress" and "then pounced on the Plaintiff . . . shoved his knee into the Plaintiff's back" and handcuffed her. *Id*. ¶¶ 14-15. After "Defendant Millsaps and other officers" searched the apartment, "Defendant Millsaps caused the Plaintiff to be arrested and removed from her residence." *Id*. ¶¶ 16-17. While inside the police transport vehicle, "Defendant Bedlion asked the Plaintiff what had transpired in her residence and the Plaintiff told Defendant Bedlion" what had happened. *Id*. ¶ 18.

Ms. Gudger was transported to the Fifth District station house and formally charged with assaulting Officer Millsaps. *Id*. ¶ 19. At the station house, Officer Vick "generated an Arrest Report to support formal criminal charges against the Plaintiff." *Id*. ¶ 20.

---

for summary judgment. *See* Fed. R. Civ. Pro. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Since the affidavits were filed with the Officers' Reply, Ms. Gudger did not have an opportunity to respond to the affidavits or file one of her own. The Court therefore declines to convert the motion to one for summary judgment.

Subsequently, Ms. Gudger was transported to the central cell block where she was subjected to searches, including a rectal check, and was forced to urinate for a drug test. *Id*. ¶¶ 22, 24. Ms. Gudger remained in custody overnight, and was released the following day after being told the case against her was dismissed. *Id*. ¶¶ 24-26. Ms. Gudger was never brought before a judge. *Id*. ¶ 25.

Ms. Gudger initiated this suit in Superior Court, but the case was removed to this Court on April 7, 2014. The Complaint advances five counts. Count 1, against Officers Millsaps, Vick and Bedlion, and Count 2, against Officers Vick and Bedlion, assert claims under 42 U.S.C. § 1983 for alleged Fourth Amendment violations. Count 3 false arrest, Count 4 battery,[2] and Count 5 false imprisonment assert claims against all defendants. Ms. Gudger seeks compensatory damages, punitive damages, court costs, pre-judgment interest and attorney's fees. Officers Vick and Bedlion moved to dismiss all claims asserted against them in the Complaint on May 15, 2014. The motion is ripe for decision.

## II. LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and

---

[2] In the Complaint, Count 4 was titled "False Arrest," but Plaintiff explains in her Opposition that the substance of Count 4 describes and refers to a claim for battery and that the incorrect heading was the result of a typographical error. Pl. Opp'n [Dkt. 9] at 10.

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The facts alleged "must be enough to raise a right to relief above the speculative level." *Id*. Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (internal quotation marks and citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

### III. ANALYSIS

#### A. Federal Law Claims

The Complaint fails to set forth a valid claim under 42 U.S.C. § 1983 against Officers Vick and Bedlion. To state a claim against the police officers under Section 1983, the "plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West. v. Atkins*, 487 U.S. 42, 48 (1988).

##### 1. Count 1–Civil Rights Action under 42 U.S.C. § 1983

Although Count 1 purports to bring claims against Officers Vick, Bedlion and Millsaps, the factual allegations recount only actions taken by Officer Millsaps. Count 1 reads in relevant part:

> 31. Defendant Millsaps' entry into and search of the Plaintiff's home constituted a search under the Fourth Amendment to the United States Constitution.
>
> 32. Defendant Millsaps' action of causing the arrest and incarceration of the Plaintiff constituted a seizure under the Fourth Amendment to the United States Constitution.
>
> 33. The entry into and search of the Plaintiff's residence were unreasonable under the Fourth Amendment.
>
> 34. The arrest and incarceration of the Plaintiff were unreasonable under the Fourth Amendment.
>
> 35. The amount of force used against the Plaintiff under the circumstances was unreasonable and excessive under the Fourth Amendment.
>
> . . .
>
> 37. The violation of the Plaintiff's Fourth Amendment rights to be free from unreasonable searches and seizure, and arrests without probable cause, were committed by the Defendants with actual malice against the Plaintiff.

Compl. ¶¶ 31-35, 37.

Ms. Gudger alleges that Officer Millsaps entered and searched her apartment and caused her to be arrested without probable cause and with the use of excessive force. *See* Compl. ¶¶ 9-12, 14, 15, 17. She makes no such factual allegations against Officers Vick and Bedlion. To the contrary, Ms. Gudger alleges that she first encountered Officers Vick and Bedlion *after* her residence was searched and *after* she was arrested. *See id.* ¶¶ 18, 20. Ms. Gudger's sole factual allegation against Officer Bedlion is that he asked her what happened inside her residence after she was placed in the police transport vehicle following her arrest. *Id.* ¶ 18. Her sole factual allegation against Officer Vick is that he generated an Arrest Report to support criminal charges once she was brought to the police station. *Id.* ¶ 20. Absent any factual allegations that Officers Vick and Bedlion committed the alleged constitutional violations, Count 1 must be dismissed for failure to state a claim.

Ms. Gudger acknowledges these deficiencies in her Opposition, but her theory of Count 1 is that Officers Vick and Bedlion were accomplices with Officer Millsaps when he violated her Fourth Amendment rights. *See* Pl. Opp'n at 4. Ms. Gudger urges the Court to draw the "reasonable inference" that the "unknown police officers" accompanying Officer Millsaps to her front door were Officers Vick and Bedlion. *See id.* Ms. Gudger contends that this inference can be drawn from her allegations that (1) "Defendant Millsaps and other officers then went further into the Plaintiff's residence and conducted a search of it," Compl. ¶16; (2) Officer Vick drafted the arrest report to support criminal charges against Ms. Gudger "with reason to know that Defendant Millsaps did not have probable cause to seek the Plaintiff's arrest," *Id.* ¶ 28; and (3) Officer Bedlion "approved Defendant Millsaps effort to cause the Plaintiff to be arrested and charged without probable cause when Defendant Bedlion had reason to know that no probable

6

cause existed," *Id*. ¶ 29. *See* Pl. Opp'n at 5-6. Ms. Gudger reasons that the Officers Vick and Bedlion must have been present for the search and arrest and knew that Officer Millsaps did not have probable cause to arrest her. *Id*. at 5.

Ms. Gudger is mistaken as to what gives rise to a reasonable inference. A plaintiff must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Put another way, the court begins its consideration of a motion to dismiss by assuming the veracity of "well-pleaded factual allegations . . . *and then* determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* at 679 (emphasis added). It does not work the other way around. It is not reasonable for a court to infer a fact from a legal conclusion. *See id*. ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Here, Ms. Gudger supplies a legal conclusion—that Officers Vick and Bedlion knew no probable cause existed for her arrest—and asks the Court to derive a fact—that Officers Vick and Bedlion were present for the search and arrest. This is not a reasonable inference: the Court may not supply facts that Ms. Gudger herself failed to plead. Similarly, the Court cannot infer that the "*unknown* officers" were in fact Officers Vick and Bedlion. *See* Compl. ¶ 9 (emphasis added). To do so would be to contradict the factual allegation pled in the Complaint, which is taken to be true for purposes of evaluating the motion to dismiss. *See Twombly*, 550 U.S. at 555. Moreover, the reasonable inference to be drawn from the allegations concerning Officer Bedlion's query to Ms. Gudger as to "what had transpired in her residence" is that he was *not* present inside Ms. Gudger's residence and did not participate in the search or arrest. Compl. ¶ 18.

7

On the face of the Complaint, it is not plausible that Officers Vick and Bedlion are liable under Section 1983 for the alleged violation of Ms. Gudger's Fourth Amendment rights. She does not allege any facts "that the alleged deprivation[s] w[ere] committed by" Officers Vick and Bedlion. *See West*, 487 U.S. at 48; *Iqbal*, 556 U.S. at 678. As to Officers Vick and Bedlion, Count 1 fails to state a claim upon which relief may be granted.

### 2. Count 2–Civil Rights Action under 42 U.S.C. § 1983

Count 2 reads in relevant part:

> 38. Defendants Vick and Bedlion had reason to know that Defendant Millsaps did not have legal justification to enter and search the Plaintiff's residence, or to arrest, transport, incarcerate or prosecute the Plaintiff; nevertheless Defendants Vick and Bedlion did not attempt to stop Defendant Millsaps from entering or searching the Plaintiff's residence or from seizing, arresting, transporting, incarcerating, or prosecuting the Plaintiff with an assault.
>
> 39. Defendants Vick and Bedlion had the opportunity to intervene to prevent the Plaintiff's residence from being unlawfully entered and searched and to prevent the Plaintiff from being seized, arrested, transported, incarcerated and/or prosecuted.
>
> 40. Defendants Vick and Bedlion had a legal duty to intervene . . . .
>
> 41. Defendants Vick and Bedlion breached their duty to intervene and to protect the Plaintiff from having her residence unlawfully entered and searched.
>
> 42. Defendants Vick and Bedlion breached their duty to intervene to prevent the Plaintiff from being unlawfully seized, arrested, transported, incarcerated, and prosecuted.

Compl. ¶¶ 38-42.

An officer is held responsible for a constitutional violation under the bystander theory of liability "if he: (1) knows that a fellow officer is violating an individual's constitutional right; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."

*Fernandors v. District of Columbia*, 382 F. Supp. 2d 63, 72 (D.D.C. 2005) (quoting *Randall v. Prince George's County*, 302 F.3d 188, 204 (4th Cir. 2002)); *Masel v. Barrett*, 707 F. Supp. 4, 7-8 (D.D.C. 1989) (recognizing affirmative duty of a police officer to prevent the violation of constitutional rights by another officer).[3]

Ms. Gudger does not dispute that personal knowledge of a fellow officer's violative conduct is a necessary element of bystander liability. Rather, Ms. Gudger asks this Court to infer that Officers Vick and Bedlion were present with Officer Millsaps from the outset and witnessed all of Officer Millsaps' actions. *See* Pl. Opp'n at 6. Ms. Gudger contends that her "explicit allegation that Vick and Bedlion had the opportunity to intervene inherently carries with it the reasonable inference that they saw and heard exactly what [Ms. Gudger] complains about . . . ." *Id*. at 7. However, it bears repeating that it is not reasonable to infer a fact from a legal conclusion. Ms. Gudger has not alleged that either Officer Vick or Bedlion was present when Officer Millsaps allegedly violated her Fourth Amendment rights. As such, she has failed to allege facts that would permit the Court to draw the inference that these officers had firsthand knowledge of the violations, much less that they had the opportunity to intervene and chose not to act. Ms. Gudger's recital of the elements of the cause of action will not suffice to satisfy the plausibility standard announced in *Iqbal*. *See Iqbal*, 556 U.S. at 678. Count 2 fails to state a claim upon which relief may be granted.

### B. Supplemental Jurisdiction over State Law Claims

After dismissing federal law claims, a district court may, in its discretion, decline supplemental jurisdiction under 28 U.S.C. § 1367(c) and dismiss the remaining state law claims. *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005). In exercising such discretion,

---

[3] *Randall* follows the Second, Sixth, Seventh, Eighth, Tenth and Eleventh Circuits. *See Randall*, 302 F.3d at 203-204. The D.C. Circuit has not addressed the question of "officer as bystander" liability.

district courts should consider judicial economy, convenience, comity, and fairness. *Id*. at 424. In the usual case, these factors point toward declining jurisdiction. *Id*. (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). In *Shekoyan*, the D.C. Circuit held that even where the litigation proceeded for four years before the federal claims were dismissed, the district court did not abuse its discretion in declining supplemental jurisdiction. *Id*. at 424. *See Carnegie-Mellon University*, 484 U.S. at 350 (doctrine of pendent jurisdiction is doctrine of discretion; usually when all federal claims are dismissed before trial, a federal court should dismiss state claims as well); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) (same); 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction).

Because Ms. Gudger's Section 1983 claims against Officers Vick and Bedlion will be dismissed, the Court declines supplemental jurisdiction over the state law claims against them.[4]

### C. Leave to Amend the Complaint

In Ms. Gudger's Opposition, she "requests leave of court to amend her Complaint in the event that the Court grants dismissal as to Counts 1 and 2." Pl. Opp'n at 1. Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend her complaint "once as a matter of course . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). Subsequently, a plaintiff can amend her complaint "only with the opposing party's written consent or the court's leave," although "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts in this district also require that "a motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." L. Civ. R. 15.1; *see also Rollins v. Wackenhut Servs.*, 703 F.3d 122, 130-131 (D.C.

---

[4] Officers Vick and Bedlion argue that they are entitled to qualified immunity on Ms. Gudger's federal law claims and have the benefit of common law privilege as to her state law claims. The Court does not reach the issue.

Cir. 2012) (affirming district court's denial of plaintiff's request for leave to amend her complaint for failure to comply with Local Rule 15.1); *Belizan v. Hershon,* 434 F.3d 579, 582 (D.C. Cir. 2006) ("[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a).") (citation and internal quotation marks omitted).

Ms. Gudger did not avail herself of the option to file an amended complaint within 21 days of the Officers' Motion to Dismiss and she did not attach a copy of her proposed amended complaint—as required by Local Rule 15.1—which precludes an evaluation of the merits of her request for leave to amend. The request to amend will be denied without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Officers Vick and Bedlion's Motion to Dismiss and they will be dismissed as parties to this case. Count 2 of the Complaint will be dismissed in its entirety. The Court will deny Ms. Gudger's request for leave to amend her complaint, without prejudice. A memorializing Order accompanies this Opinion.

Date: November 10, 2014                              /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge

11