UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **VERONICA Y. GUDGER,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Civil Action No. 14-576 (RMC) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) ) ) | |
| **Defendants.** | ) ) | |

**OPINION**

Veronica Gudger sues the District of Columbia and Metropolitan Police Department (MPD) Sergeant Michael Millsaps (Defendants) for allegedly violating her Fourth Amendment right to be free from unreasonable searches and seizures. Ms. Gudger alleges *inter alia* that Sergeant Millsaps entered her apartment without consent, refused to leave, physically assaulted her when she refused to consent to a search, and arrested her without cause. Sergeant Millsaps moves for partial summary judgment as to Ms. Gudger's unreasonable search claim as alleged in Count I of the Complaint based on qualified immunity. *See* Mot. for Partial Summ. J. [Dkt. 22] (MSJ). This motion does not affect Ms. Gudger's unlawful arrest and excessive force claims against Sergeant Millsaps, or her D.C. law claims against Defendants. Ms. Gudger filed a timely opposition to the motion, to which Sergeant Millsaps replied. For the reasons that follow, the Court will deny the motion for partial summary judgment.

**I. FACTS**

On August 16, 2013, the Superior Court for the District of Columbia issued a bench warrant to arrest Darryl Marable a/k/a Kevin Johnson, Ms. Gudger's son, for failure to appear in a paternity case. MSJ, Ex. 3 (Arrest Warrant); *see* Redacted Version of Arrest Warrant

1

[Dkt. 29] at 1.  The address listed in the arrest warrant corresponded to a multi-unit apartment building known as 1416 Holbrooke Street.  *Id.*  The warrant did not identify a particular unit as Mr. Marable's residence.  *Id.*  On August 21, 2013 at 7:30 a.m., Sergeant Millsaps and other MPD Officers went to Ms. Gudger's residence, which was Apartment #2 of the apartment building.  MSJ, Ex. 2 (Millsaps Dep. 1) Tr. at 54:8-17, 66:17-21.  Sergeant Millsaps knocked on Ms. Gudger's door and asked her if he could enter the apartment.  *Id.* at 67:1-9.  Ms. Gudger demanded to see a search warrant, but Sergeant Millsaps entered the apartment over her objections and refused to leave after insisting that he had to search the apartment.  Opp'n [Dkt. 24], Ex. 2 (Millsaps Dep. 2) Tr. at 124:12-15, 125: 6-14; Opp'n, Ex. 1 (Gudger Dep.) Tr. at 70:15-20.[1]

After Ms. Gudger continued to scream and resist Sergeant Millsaps's entry, Sergeant Millsaps grabbed her, threw her on to the mattress, and proceeded to arrest her.  Gudger Dep. Tr. at 12:2-17, 16:10-20; Millsaps Dep. 2 Tr. at 142:2-6.  Once she was handcuffed, Sergeant Millsaps searched the apartment and then removed her from the residence.[2]  Gudger Dep. Tr. at 47:16-22, 49:4-16; *see also* Compl. [Dkt. 1-2] ¶ 16.  Aside from Ms. Gudger, there was no one else in the apartment.  She was charged with a misdemeanor assault on a police officer and was transported to the Fifth District for processing.  MSJ, Ex. 4 (Arrest Report); *see*

---

[1] The parties have filed their respective excerpts of Sergeant Millsaps's deposition. For purposes of this Opinion, "Millsaps Dep. 1" refers to the excerpt filed by Sergeant Millsaps in support of his motion for partial summary judgment and "Millsaps Dep. 2" refers to the excerpt filed by Ms. Gudger in support of her opposition.  For the purpose of this motion, the Court draws all reasonable inferences in favor of Ms. Gudger.  *See* Fed. R. Civ. P. 56.

[2] Sergeant Millsaps denies that he searched Ms. Gudger's apartment, but concedes the point for purposes of this motion. *See* MSJ at 5 n.3; *see* Millsaps's Dep. 1 Tr. at 136:10-19.

Redacted Version of Arrest Report [Dkt. 29] at 2-3. The charges were eventually dropped and she was released after spending a night at the Cell Block. Gudger Dep. Tr. at 36:9-18; 39:15-21.

## II.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Armstrong v. Archuleta*, No. 13-cv-392, 2014 WL 7399282, at *7 (D.D.C. Dec. 30, 2014). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. Since "[c]redibility determinations, the weighing of inferences and the drawing of inferences from the facts are jury functions," the court must deny summary judgment to the extent that reasonable minds could differ over the import of the evidence. *Id*. at 250-51, 255.

## III.  ANALYSIS

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known." *Pitt v. District of Columbia*, 491 F.3d 494, 509 (D.C. Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To resolve a qualified immunity claim, a court must apply a two prong test and examine: (1) "whether the facts that a plaintiff has alleged (*see* [Fed. R. Civ. P.]

12(b)(6), (c)) or shown (*see* Rules 50, 56) make out a violation of a constitutional right"; and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001)).  These two prongs involve questions of law, *see Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985), and may be addressed in the order the court deems more practical "in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

At the summary judgment stage, qualified immunity will not protect a government official from trial when there is a dispute of material fact in the record.  *See Holcomb v. WMATA*, 526 F. Supp. 2d 20, 22 (D.D.C. 2007) (denying police officer's motion for summary judgment because the parties disagreed as to the amount of force used and the scope of the search).  In other words, when there is a genuine issue of material fact, "the defense of qualified immunity shielding the defendant from trial must be denied . . . . [because] it is impossible for the court to determine, as a matter of law, what predicate facts exist to decide whether or not the officer's conduct clearly violated established law." *Gainor v. Rogers*, 973 F.2d 1379, 1384-85 (8th Cir. 1992).  That is the case here.

Sergeant Millsaps moves for partial summary judgment based on qualified immunity because he reasonably believed that Mr. Marable resided at Apartment #2 and that Mr. Marable was present upon his entry to Ms. Gudger's residence.  Sergeant Millsaps argues that this belief, coupled with the existence of an outstanding arrest warrant, is enough for a reasonable person to believe that Sergeant Millsaps's conduct was constitutional.  While this is true as a matter of law, there are genuine issues of material fact that preclude the Court from concluding that Sergeant Millsaps had "reason to believe" that Mr. Marable resided at Apartment #2.

It was clearly established by August 21, 2013 that "an officer executing an arrest warrant may enter a dwelling if he has only a 'reasonable belief,' falling short of probable cause to believe, the suspect lives there and is present at the time." *United States v. Thomas*, 429 F.3d 282, 286 (D.C. Cir. 2005); *see also Payton v. New York*, 445 U.S. 573, 603 (1980) (indicating that an arrest warrant authorizes law enforcement officers to "enter a dwelling in which the suspect lives when there is reason to believe the suspect is within").  Applying this standard, the Court must now determine whether a reasonable person at the time of the alleged conduct would have known that Sergeant Millsaps's entry and search of Ms. Gudger's residence violated clearly established law.

It was also clearly established by August 21, 2013 that the finding of probable cause underlying an arrest warrant does not adequately protect "the Fourth Amendment interests of persons not named in the warrant, when their homes are searched without their consent and in the absence of exigent circumstances." *Steagald v. United States*, 451 U.S. 204, 212 (1981). The Supreme Court held that an arrest warrant does not protect "an individual's interest in the privacy of his home and possessions against the unjustified intrusion of the police," but rather, protects the subject of the warrant from an unreasonable seizure. *Id.* at 212-13.  Thus, police officers cannot rely on an arrest warrant to enter into a third party's residence. Otherwise, police officers "[a]rmed solely with an arrest warrant for a single person . . . could search all the homes of that individual's friends and acquaintances" in violation of the Fourth Amendment. *Id.* at 215 (citations omitted).  In the instant case, while the arrest warrant protected Mr. Marable from an unreasonable seizure, it did not do anything to protect Ms. Gudger's Fourth Amendment right to be free from an unreasonable intrusion and search of her residence.

Sergeant Millsaps has testified in deposition that he reasonably believed that Mr. Marable resided at Apartment #2 because he investigated the address prior to attempting to execute the outstanding arrest warrant. Specifically, Sergeant Millsaps points out that 1416 Holbrooke Street, N.E., Apt. #2 Washington, D.C. was the address listed on the Department of Motor Vehicles (DMV) records and Mr. Marable's driver's license. Opp'n, Ex. 7 (WALES Data) at 2.[3]  Sergeant Millsaps relied on the driver's license — which had expired in 2011 — because he knew that the DMV requires proof of residence in the form of a lease or utility bill. Millsaps Dep. 1 Tr. at 22:1-11, 23:1-12.[4]

This information could satisfy the first prong of the standard articulated in *Payton*.  *See Thomas*, 429 F.3d at 286 (finding that an "investigation" of the suspect's address by itself is sufficient to show that the officers reasonably believed that address to be the suspect's residence). However, it is not clear from the record that Sergeant Millsaps actually investigated Mr. Marable's address prior to going to Apartment #2 on August 21, 2013. For example, the documents containing Mr. Marable's addresses (DMV records and law enforcement databases) were all printed on August 22, 2013 — the day after Sergeant Millsaps allegedly searched Ms. Gudger's apartment. *See*, e.g., WALES Data at 2; MYJUSTIS Data at 2. In addition, Sergeant

---

[3] Sergeant Millsaps also states he "had previous knowledge that [Mr.] Marable was known to have resided inside of the apartment building and had been arrested there by members of the warrant squad for an unrelated warrant in the past." Def. SUMF [Dkt. 22] at 12 ¶ 5. To support this proposition, Sergeant Millsaps relies on the Arrest Report submitted as Exhibit 4. *Id.* (citing MSJ, Ex. 4 (Arrest Report); *see* Redacted Version of Arrest Report [Dkt. 29] at 2-3)).

[4] Sergeant Millsaps was also aware that various law enforcement databases contained conflicting addresses about Mr. Marable's residence. *See* WALES Data at 2; *see also see* Opp'n, Ex. 8 (MYJUSTIS Data) at 2. For example, there were Superior Court records referencing the arrest warrant that identified Apartment #1 as Mr. Marable's residence in 2013. WALES Data at 2. One database even identified a different address that did not correspond to the 1416 Holbrooke Street apartment building. *See* MYJUSTIS Data at 2.

Millsaps stated in his deposition: "I went [to Ms. Gudger's residence] to get information about [Mr. Marable], and hopefully if he was there, great. But more so to get information." Millsaps Dep. 2 Tr. at 120:1-3.

Based on this evidence, there are genuine issues of material fact that make it impossible for the Court to determine that, on August 21, 2013, Sergeant Millsaps reasonably believed Apartment #2 to be Mr. Marable's residence.[5]  Accordingly, summary judgment on Sergeant Millsaps's qualified immunity defense must be denied at this stage.  *See Gainor*, 973 F.2d at 1384-85.  The fact dispute prevents any decision on whether Ms. Gudger's Fourth Amendment rights were violated.  A jury must resolve the relevant factual disputes before the Court can decide whether Sergeant Millsaps is entitled to qualified immunity.

### IV.  CONCLUSION

For the foregoing reasons, the Court will deny Sergeant Millsaps's Motion for Partial Summary Judgment, Dkt. 22.  The case will proceed to trial as scheduled.  A memorializing Order accompanies this Memorandum Opinion.

---

[5] "In the qualified immunity arena, the Supreme Court has drawn a distinction between two categories of cases, only one of which merits immediate appellate review." *Meredith v. Federal Mine Safety & Health Review Comm'n,* 177 F.3d 1042, 1048-49 (D.C. Cir. 1999) (citations omitted).  The first category involves "an interlocutory decision that rests upon the purely legal question of whether or not an official's actions violate clearly established law" and the second category involves "an interlocutory decision that denies summary judgment because of the presence of triable issues of fact . . . ." *Id.* Only interlocutory decisions that fall under the first category can be appealed on an interlocutory basis. *Id.* Since the denial of Sergeant Millsaps's qualified immunity defense at this stage hinges on the existence of genuine issues of material fact, the Court's decision is not immediately appealable.  *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014) (distinguishing interlocutory appeals of qualified immunity raising abstract legal issues from appeals challenging the sufficiency of the evidence); *see also Farmer v. Moritsugu,* 163 F.3d 610, 613-14 (D.C. Cir. 1998).

Date: December 16, 2015

                                                             /s/
                              ROSEMARY M. COLLYER
                              United States District Judge